UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF KENTUCKY
LONDON

CIVIL ACTION NO. 06-CV-198-KKC

DORIAN COTLEDGE                                                                                       PLAINTIFF

VS:                         **MEMORANDUM OPINION AND ORDER**

UNITED STATES OF AMERICA.                                                               DEFENDANT

Dorian Cotledge, the plaintiff who lists his current address as the Federal Correctional Institution in Coleman, Florida, has filed a *pro se* civil rights complaint [Record No. 1] and an amended complaint [Record No. 3]. The plaintiff asserts claims of negligence under the Federal Tort Claims Act ("FTCA"), Title 28 U.S.C. §§1346(b), 2671-2680. He has also filed an "Application to Proceed *In Forma Pauperis*" [Record No. 2]. The Court will address the *in forma pauperis* motion by separate Order.

This matter is before the Court for initial screening. 28 U.S.C. §1915A; *McGore v. Wrigglesworth*, 114 F.3d 601, 607-8 (6th Cir. 1997).

This is a *pro se* complaint and, as such, it is held to less stringent standards than those drafted by attorneys. *See Cruz v. Beto*, 405 U.S. 319 (1972); *Haines v. Kerner*, 404 U.S. 519 (1972). The allegations in a *pro se* complaint must be taken as true and construed in favor of the plaintiff. *See Malone v. Colyer*, 710 F.2d 258, 260 (6th Cir. 1983). However, 28 U.S.C. §1915(e)(2) affords a court the authority to dismiss a case at any time if the court determines that the action is (i) frivolous or malicious, or (ii) fails to state a claim upon which relief can be granted.

## NAMED DEFENDANTS

The plaintiff names the United States of America as the sole defendant.

## DISCUSSION

The plaintiff was previously confined in the Federal Correctional Institution in Manchester, Kentucky ("FCI-Manchester"). He alleges that while confined there, employees (specifically, Physician's Assistant Van Horn) committed various acts of medical negligence over a several-month period. He claims that Van Horn and others failed to properly diagnose his medical conditions; failed to properly administer diabetes tests; failed to treat his various medical conditions; and prescribed improper medications, all of which caused him to sustain additional physical problems. The plaintiff seeks damages.

The United States will be required to answer the FTCA complaint. There are two preliminary matters, however, which the Court will address. The plaintiff has now filed two motions [Record Nos. 5 and 6] before the Court for consideration. Both motions are filed in response to the Deficiency Oder [Record No. 4] which the Court entered on July 28, 2006.

In the Deficiency Order, the Court construed the plaintiff's lengthy submissions as asserting claims of deliberate indifference in violation of the Eighth Amendment. In the Deficiency Order, the Court informed the plaintiff that he would be required to demonstrate administrative exhaustion of all such Eighth Amendment claims.

In paragraphs 4 and 5 of his "Motion to Correct the Record" [Record No. 5], the plaintiff states that he did not intend to assert any Eighth Amendment claims of deliberate indifference in either his complaint filed in this Court on May 8, 2006 [Record No. 1], or in his Amended Complaint filed on May 15, 2006 [Record No. 3]. In his current motion, the plaintiff affirmatively states he is asserting *only* claims of negligence under the FTCA. In his current

2

motion, he specifically disclaims any intention of asserting claims of deliberate indifference in violation of the Eighth Amendment, under 28 U.S.C. §1331, pursuant to the doctrine announced in *Bivens v. Six Unknown Federal Narcotics Agents*, 403 U.S. 388 (1971).

In light of the plaintiff's express representations in his motion filed as Record No. 5, as to the nature of the claims he is asserting, the Court deems his motion as a withdrawal and/or a disclaimer of any construed deliberate indifference claims under the Eighth Amendment. To the extent the plaintiff wishes to clarify that his sole claim is one of negligence under the FTCA, the Court will grant the plaintiff's "Motion to Correct the Record." This case will proceed solely and exclusively as one under the FTCA. The Clerk will be instructed to reclassify this matter as an FTCA case only, and not as an FTCA and *Bivens* case.

The Court will deny the plaintiff's "Motion to Correct Deficiency Order" [Record No. 6], in which he states that the assessed filing fee should be only $250.00. The plaintiff is advised that on April 9, 2006, the Court increased the fee for the filing of civil complaints to **$350.00.** The plaintiff filed his complaint on May 8, 2006. The fee assessed in the Deficiency Order is correct and the motion will be denied.

## CONCLUSION

Accordingly, **IT IS ORDERED** as follows:

(1) The plaintiff's "Motion to Correct the Record" [Record No. 5] is **GRANTED**.

(2) The plaintiff has denied any and all claims of deliberate indifference, under the Eighth Amendment, and this matter will proceed solely and exclusively under the FTCA.

(3) The Clerk of the Court is directed to reclassify this action as one falling solely under the FTCA, Title 28 USC §§1346(b), 2761-2680.

(4) The plaintiff's "Motion to Correct Deficiency Order" [Record No. 6] is **DENIED**.

(5) The London Clerk is directed to issue summons for the Attorney General of the United States of America and for the United States Attorney for the Eastern District of Kentucky.

(6) The London Clerk's Office shall prepare as many copies of the complaint **and** amended complaint as there are summonses issued and complete the requisite number of USM Form(s) 285.

    (a) If insufficient information exists to sufficiently or effectively complete any summons or USM Form 285 regarding any defendant, the Clerk shall promptly make a clerk's entry on the docket stating why the Clerk cannot fill out the summons or USM Form 285 or any other documents necessary to effectuate service.

    (b) The London Clerk's Office shall forward by certified mail the following documents: (i) the summonses issued; (ii) the requisite number of USM Forms 285; (iii) the requisite number of complaint copies; (iv) the requisite number of copies of this Opinion and Order; and (v) the requisite numbers of the plaintiff's motions filed as Record Nos. 5 and 6, and any other documents necessary to effectuate service.

    (c) The London Clerk's Office shall enter the certified mail receipt into the record, and a notation that the delivery to the USM Office of the complaints, summonses, USM Forms 285, and any other attachments have been effectuated, and the date upon which they were effectuated.

    (d) The USM Office shall serve a summons, complaint copy, and copy of this Order on the defendants to this action; service to be made by certified mail, return receipt requested, or by personal service.

(e) The USM Office shall make a return report to the Court of whether the summons is executed or is still unexecuted within forty (40) days of the date of entry of this Order.

(7) The plaintiff shall keep the Clerk of the Court informed of his current mailing address. **Failure to notify the Clerk of any address change may result in a dismissal of this case**.

(8) For every further pleading or other document he wishes to submit for consideration by the Court, the plaintiff shall serve upon each defendant, or, if appearance has been entered by counsel, upon each attorney, a copy of the pleading or other document. The plaintiff shall send the original papers to be filed with the Clerk of the Court together with a certificate stating the date a true and correct copy of the document was mailed to each defendant or counsel. **If a District Judge or Magistrate Judge receives any document which has not been filed with the Clerk, or which has been filed but fails to include the certificate of service of copies, the document will be disregarded by the Court.**

Dated this 24th day of August, 2006.

Signed By:
*Karen K. Caldwell* KKC
United States District Judge